D. H. Willey v. Commissioner.
Willey v. Commissioner
Docket No. 18503.
United States Tax Court
1951 Tax Ct. Memo LEXIS 290; 10 T.C.M. (CCH) 267; T.C.M. (RIA) 51072; March 20, 1951
*290 Amended pleadings to conform to the proof having been duly field; held, petitioner erroneously included $7,226.05 in his taxable income for 1944. L. F. Ratterman, C.P.A., 3529 Burch Ave., Cincinnati, Ohio, for the petitioner. R. W. Harbert, Jr., Esq., for the respondent. RICE
Supplemental Memorandum Findings of Fact and Opinion RICE, Judge: In the memorandum findings of fact and opinion for the above-entitled case entered December 7, 1950 [9 TCM 1109, we said: "During the course of the trial, petitioner introduced evidence which tended to show that $7,226.05 for sale of timber in 1944 to P. M. Karr was received in 1945 and, therefore, should not have been included in the 1944 income tax return. However, since the petitioner failed to plead this properly as an error, and we find no motion by petitioner to amend his pleadings to conform to his proof, we must uphold the respondent on this question." On December 22, 1950, petitioner filed a Motion for Leave to Amend Petition and for a Rehearing and Revision of Decision. Objection to said motion was filed by respondent on January 12, 1951. The matter came on for hearing on January 24, 1951, at *291 which time counsel were heard for and against the motion. On January 25, 1951, leave to amend the petition was granted and petitioner was given thirty days within which to submit the amended petition. The amended petition was filed February 19, 1951 and the answer received March 14, 1951. In his 1944 income tax return petitioner included $7,226.05 representing income from the sale of timber during 1944 to P. M. Karr. The check for this $7,226.05 was actually received on January 2, 1945 and, therefore, should not have been included in petitioner's 1944 Federal income tax return since he was on a cash basis. Since we now have this question properly before us, we hold that the $7,226.05 should not have been included in petitioner's 1944 income tax return. The decision for respondent entered on December 8, 1950, is set aside and Decision will be entered under Rule 50.